IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TODD,

        Plaintiff,                      No. 2:12-cv-2429 GGH P

    vs.

ZAMORA, et al.,                         <u>ORDER</u>

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This case is before the undersigned pursuant to plaintiff's consent. Doc. 4.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1  U.S.C. § 1915A(b)(1),(2).

2      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
4  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
5  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
6  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
7  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
8  Cir. 1989); Franklin, 745 F.2d at 1227.

9      A complaint must contain more than a "formulaic recitation of the elements of a
10 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
12 "The pleading must contain something more...than...a statement of facts that merely creates a
13 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
14 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
15 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
16 v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). "A
17 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
18 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

19     In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23 1843 (1969).

24     Plaintiff states that on three separate occasions he was improperly charged by
25 prison officials for medical supplies for a total of $15.00, which was in error as he is indigent.
26 Plaintiff appealed and while his appeal was granted and he was supposed to be reimbursed,

plaintiff states he has not received the money.

Assuming plaintiff's allegations are true, this fails to state a claim pursuant to 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662 (1986); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

That defendants may owe plaintiff $15.00 is not conduct that demonstrates a violation of the Constitution or the laws of the United States.[1] This action is appropriately brought in state small claims court as a breach of agreement. The complaint is dismissed, but plaintiff will be granted to leave to file an amended complaint within twenty-eights days of service of this order. No further amendments will be allowed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

---

[1] To the extent defendants breached a promise to plaintiff or even if it could be construed as a contract when plaintiff's appeal was granted and his money should have been returned, this fails to state a claim under § 1983. Smith v. Corrections Corporation of America, 19 Fed. Appx. 318, 320 (6th Cir. 2001) (no claim as plaintiff relied on a contract rather than the constitution or any federal law, therefore no federal question was presented under 28 U.S.C. 1331); Frenkel v. New York City Off-Track Betting Corp., 701 F.Supp.2d 544, 555 (S.D.N.Y. 2010) (quoting Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987) (A "[s]ection 1983 based breach of contract claim also fails as a matter of law. 'A contract dispute ... does not give rise to a cause of action under section 1983.'")

1  vague and conclusory allegations of official participation in civil rights violations are not
2  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11        In accordance with the above, IT IS HEREBY ORDERED that:
12        1. Plaintiff's request for leave to proceed in forma pauperis (Doc. 2) is granted;
13        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith; and
18        3. The complaint is dismissed for the reasons discussed above, with leave to file
19 an amended complaint, within twenty-eight days from the date of service of this order.  Failure to
20 file an amended complaint will result in this action being dismissed.
21 DATED: October 9, 2012

                       /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE

GGH: AB
todd2429.b