IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TODD,

        Plaintiff,                      No. 2:12-cv-2429 LKK AC P

    vs.

ZAMORA, et al.,

        Defendants.              <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On January 9, 2013, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff has not filed objections to the findings and recommendations.

        The court has reviewed the file and finds as follows:

        Plaintiff's complaint alleges that on three separate occasions, his inmate account was improperly charged for medical supplies, for a total of $15.  ECF No. 1 at 4.  The charges

1

were improper, plaintiff asserts, because "an inmate without sufficient funds is not to be charged," citing Section 3354.2 of Title 15 of the California Code of Regulations. Id.[1] Plaintiff further asserts that he sought to have his funds returned through administrative procedures, but that although his administrative appeal was granted, his funds were never returned. Id. When he requested the return of his funds, he asserts, his further appeal was then denied. Id.

Documents appended to the Complaint show that plaintiff has exhausted his administrative remedies.[2]

Former Magistrate Judge Hollows found, in screening the complaint under 28 U.S.C. § 1915A(a), that even if plaintiff's allegations are true, they fail to state a claim under Section 1983. ECF No. 5 at 3. Instead, the Magistrate Judge determined that plaintiff's claim was best brought in state small claims court as a breach of contract claim. Id. The Magistrate Judge therefore dismissed the complaint, and granted plaintiff twenty-eight (28) days to amend. ECF No. 5 at 4. Apparently in response, plaintiff filed a motion to amend, and an amended complaint that added nothing to the original complaint. ECF Nos. 8 & 9. The Magistrate Judge

---

[1] "Inmates shall be charged and inmates shall pay a fee of five dollars ($5.00) for each inmate-initiated health care visit. The fee for this visit shall … [b]e charged to the trust account of the inmate. When the inmate is without sufficient funds at the time for the charge, and remains without sufficient funds for 30 days after this time, the inmate shall not be charged for any remaining balance of the fee." Cal. Code Regs. tit. 15, § 3354.2(c)(3). Plaintiff also asserts that the prison may not charge for "follow-ups or medication refills," but offers no citation to any rule or regulation.

[2] Plaintiff filed an administrative complaint on June 9, 2011. ECF No. 1 at 4. On October 12, 2011, defendant Zamora rejected the appeal and returned it to plaintiff, asserting that the appeal was submitted to the wrong entity. ECF No. 1 at 15-16. On December 20, 2011, defendant Brown "granted" plaintiff's appeal, stating that all "Encumbrances" against this account had been "deactivated," and that no funds had been deducted from the account. ECF No. 1 at 11. Plaintiff apparently appealed from this decision, and on April 30, 2012, defendant Zamora denied the appeal, stating that although plaintiff's account had been incorrectly charged, "[t]he process to credit your Trust Account has been initiated." ECF No. 1 at 12-13. On May 15, 2012, plaintiff asked for a "second look" at the appeal, stating that money was actually taken from his trust account in error. ECF No. 1 at 10. On August 7, 2012, defendant Zamora wrote to plaintiff, telling him that his appeal had already been processed, and that he had exhausted his administrative remedies. ECF No. 1 at 9. Documents attached to the Complaint are a part of the Complaint pursuant to Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

1 again ordered plaintiff to file an amended complaint within twenty-eight (28) days.  Plaintiff did
2 not file an amended complaint, nor respond in any way to this order.

3 Thereafter, Magistrate Judge Claire,[3] noting that plaintiff had failed to amend his
4 complaint as directed, submitted Findings and Recommendations to this court recommending
5 that the complaint be dismissed without prejudice.  ECF No. 12.  Plaintiff has not filed any
6 objections to this order.

7 The court believes that the Complaint was improperly dismissed during the
8 screening process.[4]  Nevertheless, the court is not inclined to expend scarce judicial resources
9 on a matter that plaintiff appears to have abandoned (perhaps because the funds have since been
10 returned to his account).  Accordingly, plaintiff is granted thirty days from the date of this order
11 to advise the court that he wishes to proceed with his lawsuit.

12 If such a notice is timely filed, the Magistrate Judge is directed to reinstate the original
13 Complaint (ECF No. 1), and proceed with the case.  If no such notice is timely filed, this matter
14 is DISMISSED WITHOUT PREJUDICE, with no further action required by any party.

---

[3] The case was re-assigned to Magistrate Judge Claire on November 19, 2012.  ECF No. 11.

[4] Plaintiff's interest "in the funds in his prison account is a protected property interest." Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1984).  Accordingly, the question presented is whether plaintiff has properly alleged that those funds were taken without due process.  Id. ("[o]nce a protected interest is found, the court must then decide what process is due"). Resolution of this question will depend on whether the deprivation was authorized or not, whether it was intentional or negligent, and what pre- or post-deprivation remedies are available. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (regarding negligent deprivation), and Hudson v. Palmer, 468 U.S. 517, 533 (1984) (regarding unauthorized, but intentional deprivation of property, and the existence of state law remedies).  Plaintiff sufficiently alleged that his property was taken without due process, as he alleges that it was taken by prison authorities who did not have authority to do so.  See Vance v. Barrett, 345 F.3d 1083, 1090¬ 91 (9th Cir. 2003) ("'An administrative agency [i.e., the Department of Correctional Services] has no right without underlying statutory authority to prescribe and enforce forfeitures of property ... when an agency does so, it violates the due process clause of the fourteenth amendment'") (quoting Sell v. Barratt, 548 F.2d 753, 759 (8th Cir. 1977).  The prison authorities then appear to have provided plaintiff with post-deprivation process.  However, plaintiff alleges that even though the administrative process concluded that the money should not have been taken, and stated that it was being returned, the funds were in fact, never returned to plaintiff.  ECF No. 1 at 3.

1  IT IS SO ORDERED.

2  DATED: August 14, 2013.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4